Tart, J.,
dissenting. I agree with the contentions made in the majority opinion that there ought to he a law making it a felony for a person over 18 to “willfully take indecent and improper liberties with the person of” a child under 16, even “with her consent.”*
Unfortunately, the General Assembly has enacted no such law; and, as judges, we are not supposed to legislate.
As stated in the majority opinion, “it may be conceded that the acts giving rise to the indictment were committed with the consent of the complaining witness and without the infliction of force or fear.”
In Smith v. State, 12 Ohio St., 466, 80 Am. Dec., 355, in holding that there could be no assault on a consenting victim, it was said:
“An assault implies force upon one side, and repulsion, or at least want of assent, upon the other. An assault, therefore, upon a consenting party would seem to be a legal absurdity. ’ ’
In O’Meara v. State, 17 Ohio St., 515, it was held that “actual consent” was “inconsistent with the legal idea of an assault. ’ ’
Thus, unless those decisions are to be ignored, it is necessary, in order to affirm this judgment, to delete from Section 2903.01, Eevised Code, the word “assault” which appears in that statute in the conjunctive with the words “willfully take indecent and improper liberties with the person of such child. ’ ’
In order to avoid recognizing the necessity of such judicial legislation, the majority opinion states that “since” the “decisions” in the Smith and O’Meara cases, “the General Assembly has determined the statutory age of consent in Ohio to be 16 years” by reason of the provisions of Sections 2905.03 and 2905.04, Eevised Code. However, both those statutes specify that the acts proscribed are crimes although done “with * * * consent” of the victim. No such words with respect to “consent” appear in the statute involved in the instant case. Furthermore, what is now Section 2905.03, Eevised Code, was in force when the Smith and O’Meara cases were decided except that the ages specified then were 17 plus and ten minus instead *45 of 18 plus and 17 minus; and both those eases involved children under ten.
Thus, presumably, when the General Assembly used the word “assault” more than 54 years after this court decided those cases and at a time when this court had never questioned the soundness of its decisions and pronouncements of law in those cases, the General Assembly knew what that word meant and, by its use of that word, expressed an intention to give it the meaning which had theretofore been consistently given to it by this court.
Certainly, it indicated that it knew the meaning of the word “assault” when it first enacted in 1902 what is now Section 2905.04, Revised Code. Thus, this court had specifically stated in the syllabus of 1 the Smith case and again in the syllabus of the O’Meara case that “an attempt” by a male 17 or over “to carnally know and abuse a female * * * under ten * * * with her consent” was “not indictable” under what is now Section 2901.24, Revised Code, “as an assault with intent to commit a rape”; and that first enactment in 3902 of what is now Section 2905.04, Revised Code (95 Ohio Laws, 344), amended what is now Section 2901.24, Revised Code, by making just such an attempt punishable as a felony under the same statutory section that dealt with an “assault with intent to commit a rape.”
Quite obviously, in enacting what is now Section 2903.01, Revised Code, in 1921, the General Assembly expressed an intention that, where, as the words of that statute state, what a defendant did was done “without committing or intending to commit the crime of rape,” there would no felony without an “assault.”
Since the New York decision cited in the majority opinion was decided under different statutory provisions with respect to statutory rape (see State v. Daniels, 169 Ohio St., 87, 94, 157 N. E. [2d], 736), it does not furnish a sound basis for a departure from the previous decisions.of this court, the pronouncements of law made by this court as reasons for those decisions, or from the existing statutory words enacted almost '40 years ago by the General Assembly in the light of decisions and pronouncements of law by this court which were probably then known about and understood by the General Assembly.

Admittedly this is punishable as a misdemeanor under Section 2151.41, Revised Code.